# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| CLIFFORD CARLSON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. _____ |
| | : | |
| | : | |
| TRI-STATE ADJUSTMENTS, INC. | : | |
|     Defendant. | : | |

## COMPLAINT

COMES NOW YOUR PLAINTIFF Clifford Carlson and files his Complaint for Damages against the Defendant named above pursuant to 15 U.S.C. § 1692, *et seq.*, (herein the "FDCPA") and the Georgia Fair Business Practices Act, showing as follows:

## JURISDICTION, PARTIES, AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This Court has subject matter jurisdiction of claims arising under the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court also has supplemental jurisdiction with regard to Plaintiff's pendent state law claims and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

5. Plaintiff is a natural person residing in this judicial district.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

7. Defendant Tri-State Adjustments, Inc. (hereinafter "Defendant") is a debt collection company operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Summons and Complaint may be served on Defendant by service on Defendant's registered agent, Rhonda R. Helgeson, N401 Lemke Road, Coon Valley, WI 54623.

9. Defendant maintains no assets in the State of Georgia.

10. Defendant is not registered with Georgia's Secretary of State.

11. Defendant was in fact doing business in this state at all times relevant to this action through its various collection efforts.

12. Venue is appropriate as to this Defendant because Defendant sent communications to Plaintiff while Plaintiff resided in this judicial district.

## FACTS GIVING RISE TO THIS COMPLAINT

13. Plaintiff is a Marine Corps veteran who was honorably discharged from the United States Marine Corps and has a service-related disability. He was further diagnosed with an unrelated illness, sleep apnea, in 2016.

14. Plaintiff sought treatment for his sleep apnea from his local physician.

15. Plaintiff was prescribed an automated CPAP therapy machine by his doctor.

16. SleepMed was to provide Plaintiff with supplies for his CPAP therapy machine.

17. Plaintiff discontinued use of the CPAP machine after several months of use because his apnea was not drastically improving.

18. Plaintiff informed SleepMed to cease sending supplies for his CPAP therapy machine prior to September 2017.

19. Despite repeated requests, SleepMed continued to send Plaintiff supplies and charge Plaintiff (and his insurance) for said supplies.

20. SleepMed has continually attempted to send Plaintiff supplies for his CPAP therapy machine through the filing of this suit.

21. After several attempts to get SleepMed to stop sending, and ultimately billing Plaintiff, Plaintiff stopped paying the fraudulent charges.

22. SleepMed then engaged Defendant to collect certain amounts from Plaintiff.

23. Defendant began attempting to collect from Plaintiff on or about March 6, 2017.

24. Plaintiff informed Defendant he did not order or receive the supplies SleepMed alleged he received.

25. Plaintiff never signed for any SleepMed supplies to be delivered at any time relevant to the allegations contained herein.

26. Defendant told Plaintiff that he had signed for the supplies and therefore was responsible for the associated charges.

27. Plaintiff asked Defendant for evidence he had signed for anything.

28. Defendant agreed to provide evidence Plaintiff had signed for any SleepMed supplies.

29. As of the filing of this suit, such evidence has not been provided to Plaintiff or his counsel.

30. Defendant made false statements to Plaintiff to induce him to pay a debt he did not owe.

31. Plaintiff asked Defendant to validate and verify the amounts they claimed he owed.

32. Defendant continues to collect the SleepMed debt even though Plaintiff has informed Defendant the charges are not valid.

33. Defendant has sent three (or more) dunning letters to Plaintiff seeking to collect the SleepMed debt.

34. Defendant sought to collect amounts from Plaintiff that he did not owe.

35. Defendant's dunning letters attempted to collect a debt originally owed to SleepMed.

36. Defendant was not servicing the SleepMed accounts.

37. Defendant loaned Plaintiff no money.

38. Defendant extended no credit to Plaintiff.

39. Defendant never had a contractual relationship with Plaintiff.

40. Defendant acquired the SleepMed accounts after the accounts went into default.

41. The SleepMed accounts were incurred primarily for personal, family, or household purposes.

42. Defendant used both the mails and means of interstate commerce in furtherance of collecting the subject accounts.

43. Defendant's principle business is the collection of debts.

44. Defendant is a debt collector with respect to the SleepMed debt it sought to collect from Plaintiff.

45. The foregoing acts and omissions of the Defendant and its agents and employees constitute numerous and multiple violations of the FDCPA including 15 U.S.C. §§ 1692e, 1692e(2) 1692e(10), 1692f and 1692f(1).

46. Defendants actions have resulted in an invasion of Plaintiff's statutory rights.

47. Plaintiff has suffered from undue stress because of Defendant's acts and omissions, resulting in the Plaintiff becoming angry and causing Plaintiff unnecessary stress and anguish.

48. Plaintiff has Article III standing to bring these claims against the Defendant.

## Count I – Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. §§ 1692 et seq.

49. Plaintiff incorporates each of the foregoing paragraphs herein by reference.

50. By reason of the foregoing, Defendant violated the above-cited sections and subsections of the FDCPA by seeking to collect an amount Plaintiff did not owe, misleading the Plaintiff by falsely stating he had signed for certain supplies when he had not, seeking to collect amounts not authorized by contract or statute from the Plaintiff, and continuing to attempt to collect from Plaintiff after he informed Defendant the charges were not valid.

51. Defendant's actions were intended to cause Plaintiff harm (or were negligently carried out without regard to their consequence) and succeeded in so doing.

52. As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant.

## Count II – Violations of the Georgia Fair Business Practices Act

53. Plaintiff incorporates each of the foregoing paragraphs herein by reference.

54. A violation of the FDCPA is a violation of O.C.G.A. §§ 10-1-390 *et seq*, the Georgia Fair Business Practices Act. *See e.g. 1st Nationwide Collection Agency Inc v Werner*, 288 Ga. App. 457 (2007).

55. O. C.G.A. § 10-1-393 contains a non-exhaustive list of violations of the Georgia Fair Business Practices Act.

56. Defendant willfully and intentionally violated the FDCPA as alleged hereinabove.

57. Plaintiff is not required to serve Defendant with a pre-suit demand.

58. Plaintiff is entitled to the trebling of any actual and statutory damages he sustained as a result of the Defendant's intentional and/or willful violations of the FDCPA pursuant to O.C.G.A. § 10-1-399(c) and, reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d) from the Defendant.

## Count III – Unfair or Deceptive Practices

59. Plaintiff incorporates each of the foregoing paragraphs herein by reference.

60. Georgia's Unfair or Deceptive Practices Toward The Elderly Act ("UDPTEA") does not define "disability" as used within the statute. O.C.G.A. § 10-1-850(2).

61. Plaintiff was determined to be disabled by the United States government with a service related disability.

62. Plaintiff was further diagnosed with the disability of sleep apnea in 2017.

63. Defendant was aware of Plaintiff's medical diagnosis at all times relevant hereto.

64. The UDPTEA states that "[w]hen any person who is found to have conducted business in violation of Article 15, 17, or 21 of this chapter is found to have committed said violation against elder or disabled persons, in addition to any

civil penalty otherwise set forth or imposed, the court may impose an additional civil penalty not to exceed $10,000.00 for each violation."

65. The Georgia Fair Business Practices Act (O.C.G.A. § 10-1-390 et seq.) is a part of Article 15 referenced in O.C.G.A. § 10-1-851.

66. The Defendant has violated the UDPTEA by violating the FDCPA (and thereby violating the Georgia Fair Business Practices Act) as alleged hereinabove.

67. Plaintiff is entitled to recover, pursuant to the UDPTEA exemplary damages from Defendant including (without limitation) punitive damages for Defendant's intentional violations of the FDCPA and the Georgia Fair Business Practices Act.

## **Demand for a Jury Trial**

68. Trial by jury is hereby demanded.

[Continued on Next Page]

**WHEREFORE**, Plaintiff prays for the following:

a) Actual, exemplary and statutory damages in an amount in excess of $5,000.00;

b) The award of costs and reasonable attorney's fees pursuant to the FDCPA and O.C.G.A. § 10-1-391 et seq. in an amount to be proven at trial but in excess of $3,000.00;

c) Pre- and post-judgment interest, if applicable;

d) Such other and further relief as the Court may deem just, necessary or appropriate.

Submitted February 2, 2018.

                                        **DANIELS LAW LLC**

                                        /s/Ronald Edward Daniels
                                        RONALD EDWARD DANIELS
                                        Georgia Bar No.: 540854

P.O. BOX 1834
Perry, GA 31069
478.227.7331 (t)
478.352.0173 (f)
ron@dlawllc.com
rondanielslaw.com

                                        ATTORNEYS FOR PLAINTIFF